[Civ. No. 19-20535: Dkt. No. 9]
[Civ. No. 19-21201: Dkt. No. 4]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| FRANCIENNA GRANT,<br><br>         Plaintiff,<br><br>    v.<br><br>MICHAEL ELIAS, STATE, STEPHEN MILLS a/k/a STEVEN MILLS, and MUNICIPAL COURT CAPE MAY COUNTY,<br><br>         Defendants. | Civil No. 19-12065 (RMB/JS) |
| FRANCIENNA GRANT,<br><br>         Plaintiff,<br><br>    v.<br><br>WILLIAM HUNTLEY PANICO and WILLIAM H. PANICO, D.M.D.,<br><br>         Defendants. | Civil No. 19-20535 (RMB/JS) |
| FRANCIENNA GRANT,<br><br>         Plaintiff,<br><br>    v.<br><br>DANILO G. YBANEZ and DANILO G. YBANEZ, D.M.D.,<br><br>         Defendants. | Civil No. 19-21201 (RMB/AMD)<br><br>**OPINION** |

**THESE MATTERS** come before the Court upon Motions to Dismiss by Defendant William H. Panico [Civ. No. 19-20535, Dkt. No. 9] and Defendant Danilo G. Ybanez [Civ. No. 19-21201, Dkt. No. 4],

seeking dismissal of Plaintiff Francienna Grant's pro se complaints in their respective cases.  This Court also sought to clarification regarding various deficiencies in the above-captioned cases, issuing its own Orders to Show Cause, dated December 19, 2019 and January 7, 2020.  Those orders required Plaintiff to articulate why her pro se Complaints should not be dismissed because they are attempted appeals of prior state court actions, over which this Court lacks subject matter jurisdiction.  For the reasons set forth herein, the above-captioned cases will be **DISMISSED WITH PREJUDICE**.

I. FACTUAL AND PROCEDURAL BACKGROUND

In each of the above-captioned actions, pro se Plaintiff Francienna Grant has already litigated the same issues, to varying degrees, in New Jersey state courts.  As described below, Plaintiff now (in her own words) purports to "appeal" these various state court decisions as federal claims pursuant to 42 U.S.C. § 1983.

A. *Grant v. Elias, et al.*

On July 26, 2018, Middle Township Code Enforcement Officer Michael Elias cited Francienna Grant for failing to have her property hooked into the Middle Township sewage system, in violation of § 204-4 of the Middle Township Municipal Code.

[Compl. No. SC-2018-009251]. Plaintiff pleaded "not guilty" to the violation in the Middle Township Municipal Court in Cape May County on August 16, 2018, contending that the township's sewer administration was fraught with corruption and that she was exempt from hooking up to the system. Ultimately, on April 11, 2019, Municipal Court Judge Marian Ragusa found Plaintiff "guilty" of violating Municipal Code § 204-4 and ordered her to pay fines and costs, totaling $783.00. Plaintiff alleges that Judge Ragusa denied her request for reconsideration and advised Plaintiff of her right to appeal.

Rather than following the Municipal Court's appeal procedures, as set forth in N.J. Ct. R. 3:23, which require individuals to submit a "Notice of Municipal Court Appeal" form to the Municipal Court within 20 days of the judge's decision, Plaintiff sought to lodge her appeal with this Court.

On May 2, 2019, Plaintiff commenced this action, pro se, against the State of New Jersey, the Cape May County Municipal Court, Middle Township Code Enforcement Officer Michael Elias, and Middle Township Sewer Administrator Steve Mills, challenging the Municipal Court's decision. Plaintiff contends that her constitutional rights were violated through the town's "undue influence and coercion and threats to force [her] to hook up to the illegally erected sewer laterals" and the Municipal Court's "corruption" and "undue influence to construe and confer guilt

3

on [her]."  As a result, Plaintiff asks this Court to "find that Francienna Grant was in compliance with the NJ DEP CAPRA permit requirement for persons wishing to not hook up to the sewer project and Reverse Municipal court Decision being appealed [sic]." Pl.'s Elias Am. Compl. [Civ. No. 19-12065, Dkt. No. 6], at 7.  Now, this matter comes before this Court upon its own Orders to Show Cause.

### B.  *Grant v. Panico, et al.*

The subject matter of Plaintiff's lawsuit against Dr. William H. Panico, D.M.D. dates back to August 2013, when Dr. Panico allegedly performed faulty dental work on Plaintiff. Specifically, Plaintiff avers that that Dr. Panico placed a faulty crown on her tooth, which became loose and fell out in April 2017.  After Dr. Panico allegedly refused to repair the tooth, Plaintiff filed a dental malpractice and breach of contract complaint against Dr. Panico in the Superior Court of New Jersey, Cape May County on June 2, 2017 (Superior Court Docket No. CPM L 000247-170).[1]

Superior Court Judge J. Christopher Gibson dismissed Plaintiff's complaint without prejudice, on January 31, 2018, due to Plaintiff's failure to comply with a prior court order

---

[1] Plaintiff also filed a malpractice complaint against Dr. Panico with the New Jersey Board of Dentistry, which was dismissed on March 1, 2018.

that required her to "file a complaint comporting with Rule 1:4 and Rule 4:5-1, and to serve the complaint on defendant in accordance with Rule 4:4-4(a)."  Plaintiff moved to vacate the dismissal and reinstate her complaint, but Judge Gibson denied those motions on April 27, 2018.

Plaintiff appealed the trial court's dismissal and refusal to reinstate her complaint to the Superior Court of New Jersey, Appellate Division.  In an opinion, dated October 20, 2019, the Appellate Division affirmed both decisions, concluding that the trial court had correctly dismissed Plaintiff's complaint without prejudice and denied Plaintiff's motion to vacate.  See Grant v. Panico, 2019 WL 5078246 (N.J. Super. Ct. App. Div. Oct. 10, 2019).  The Appellate Division denied Plaintiff's Motion for Reconsideration on November 7, 2019.  Plaintiff allegedly filed a Petition for Certification to the New Jersey Supreme Court on November 19, 2019, but Plaintiff has indicated to this Court that she is not pursuing that appeal and that the filing with the New Jersey Supreme Court was "unauthorized." [See Civ. No. 19-21201; Dkt. 6, at 25].

Following her unsuccessful attempt to sue Dr. Panico in New Jersey state court, on November 20, 2019, Plaintiff commenced suit in this Court.  In Plaintiff's self-captioned "Appeal Notice, Complaint," she alleges that the Superior Court violated her civil rights by dismissing her state court complaint against

5

Dr. Panico. Although Dr. Panico is the only named defendant, all of Plaintiff's claims appear targeted towards Judge Gibson. Indeed, Plaintiff's Complaint states that Judge Gibson "used undue influence and authority," "disparaged and defamed Grant," and "denied Constitutional right to due process." See Pl.'s Panico Compl. [Civ. No. 19-20535, Dkt. No. 1], at 4-5. In addition to compensatory damages related to the loss of her tooth, Plaintiff seeks a declaratory judgment against Judge Gibson "to prevent habitual discrimination and denials under the color of law and retaliation coercion, undue influence and denial of Constitutional guarantees." Id. at 6. Now, this matter comes before this Court upon its own Orders to Show Cause and Dr. Panico's Motion to Dismiss.

### C. *Grant v. Ybanez, et al.*

The Ybanez matter also stems from dental malpractice claims that Plaintiff has already litigated in New Jersey state court. In this case, Plaintiff alleges that she visited Dr. Danilo G. Ybanez, D.M.D. for dental work on two of her teeth, in October 2014, and that Dr. Ybanez "damaged the teeth beyond repair and refused to return Grant's calls for mitigation of damages." See Pl.'s Ybanez Compl. [Civ. No. 19-21201, Dkt. No. 1], at 2.

On January 28, 2016, Plaintiff filed a dental malpractice complaint against Dr. Ybanez in the Superior Court of New

6

Jersey, Special Civil Part (Superior Court Docket No. CPM DC 000140-160. Plaintiff's case was transferred to Judge Gibson in the Law Division, where an amended complaint was docketed on November 22, 2016 (Superior Court Docket No. CPM L 000470-16). Over the next year, the parties filed various motions.  First, on June 29, 2017, Judge Gibson granted Dr. Ybanez's motion to dismiss Plaintiff's complaint without prejudice based on her failure to timely answer interrogatories.  Later, on September 12, 2017, Judge Gibson granted Dr. Ybanez's motion for summary judgment based on Plaintiff's failure to timely serve an affidavit of merit and dismissed Plaintiff's complaint with prejudice.  On March 28, 2019, the Superior Court of New Jersey, Appellate Division, issued an opinion affirming Judge Gibson's dismissal of Plaintiff's complaint with prejudice. See Grant v. Ybanez, 2019 WL 1411097, at *3 (N.J. Super. Ct. App. Div. Mar. 28, 2019), cert. denied, 240 N.J. 153 (2019).  On November 18, 2019, the Supreme Court of New Jersey denied Plaintiff's Petition for Certification, rendering the dismissal with prejudice as final.

Following the Supreme Court of New Jersey's denial of her Petition for Certification, on December 9, 2019, Plaintiff filed this action, self-captioned as a "Change of Venue Notice, Complaint" asking "to have the District Court of New Jersey to take over and rule upon all issues in [her] case in their

7

venue." See Pl.'s Ybanez Compl., at 8.  Dr. Ybanez is the only named defendant in this case, but as in the Panico case, most of the Plaintiff's grievances relate to the various state court decisions.  Plaintiff seeks compensatory damages against Dr. Ybanez and a declaratory judgment against Judge Gibson, the New Jersey Superior Court, Appellate Division, and the New Jersey Supreme Court "to prevent habitual discrimination and denials under the color of law and retaliation coercion, undue influence and denial of Constitutional guarantees." Id. at 9.  Now, this matter comes before this Court upon its own Orders to Show Cause and Dr. Ybanez's Motion to Dismiss.

## II.  STANDARDS OF REVIEW

### A.  *Sua Sponte Review of Subject Matter Jurisdiction*

"Because subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt" and "can raise sua sponte subject-matter jurisdiction concerns." Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 76–77 (3d Cir. 2003).  Additionally, the party who invokes the jurisdiction of the federal courts has the burden of demonstrating the court's jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

### B. *Motion to Dismiss*

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 662. "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss. Id. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

When reviewing a plaintiff's complaint on a motion to dismiss, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012). When undertaking this review, courts are limited to the allegations found in the complaint,

exhibits attached to the complaint, matters of public record, and undisputedly authentic documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

In considering a motion to dismiss a pro se complaint, a court must bear in mind that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. See Dickerson v. New Jersey Inst. of Tech., 2019 WL 6032378, at *4 (D.N.J. Nov. 14, 2019)(citing Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004). This more liberal construction of pro se complaints does not, however, absolve a pro se plaintiff of the need to adhere to the Federal Rules of Civil Procedure. See, e.g., Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015)("a pro se complaint ... must be held to 'less stringent standards than formal pleadings drafted by lawyers;' ... but we nonetheless review the pleading to ensure that it has 'sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face.' "); Badger v. City of Phila. Office of Prop. Assessment, 563 F. App'x 152, 154 (3d Cir. 2014)("Complaints filed pro se are construed liberally, but even a pro se complaint must state a plausible claim for relief.").

### III. DISCUSSION

After reviewing Plaintiff's pro se Complaints, it is readily apparent that Plaintiff's purported civil rights claims are nothing more than attempts to "appeal" the outcome of prior state court decisions. When a party attempts to appeal a final judgment from state court, "the Rooker-Feldman doctrine bars a federal court from exercising jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Karteron v. Chiesa, 2019 WL 5212210, at *2 (3d Cir. Oct. 16, 2019)(citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

Thus, because Plaintiff's Complaints seek federal court review of injuries caused by New Jersey state courts' rulings, this Court lacks subject matter jurisdiction. See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig., 134 F.3d 133, 143 (3d Cir. 1998)("District courts lack subject matter jurisdiction once a state court has adjudicated an issue because Congress has conferred only original jurisdiction, not appellate jurisdiction, on the district courts").

Even if Plaintiff's Complaints against the dentists were not considered improper "appeals" of final state court judgments, this Court would still lack subject matter jurisdiction over the

11

claims.  Indeed, Plaintiff fails to state any plausible federal law claims against either Dr. Panico or Dr. Ybanez, who are both New Jersey citizens (and, therefore, not diverse from Plaintiff who is also a New Jersey citizen).  Plaintiff's alleged grievances against the dentists are nothing more than the same personal injury/ breach of contract claims that were previously adjudicated in state court, over which this Court lacks subject matter jurisdiction.

Additionally, although Plaintiff attempts to raise federal civil rights claims in her three cases (albeit in the context of appealing those decisions), those allegations are exclusively aimed at Judge Gibson, Judge Ragusa, the Municipal Court, the Superior Court of New Jersey, the Superior Court, Appellate Division, and the Supreme Court of New Jersey.  In addition to the fact that most of these individuals and entities are not named as defendants, they are also protected from suit by the doctrine of judicial immunity, under which "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009)(quoting Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006)).  "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireless v. Waco, 502 U.S. 9, 11 (1991). "A judge will not be deprived of immunity because

12

the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" Azubuko, 443 F.3d at 303 (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)).

To the extent Plaintiff's claims are based upon these judges' or courts' actions in resolving Plaintiff's state court actions, these claims are clearly barred by judicial immunity. See Copeland v. U.S. Dep't of Justice, 675 F. App'x 166, 173 (3d Cir. 2017)(holding that a judge's actions "in deciding [plaintiff's] previous cases falls squarely within the bounds of judicial immunity").

## IV.    CONCLUSION

Upon review, this Court finds that it lacks subject matter jurisdiction over the purported claims in Plaintiff's three pro se Complaints, even when construed liberally in favor of Plaintiff.  Additionally, to the extent Plaintiff is alleging civil rights claims against various judges and courts, those claims are barred under the doctrine of judicial immunity. Furthermore, the Court notes that Plaintiff has already had numerous opportunities, and was unable, to cure the deficiencies in her Complaints (through amended pleadings and responses to

this Court's Orders to Show Cause/ Defendants' motions to dismiss).

Accordingly, the Motions to Dismiss filed by Dr. Panico and Dr. Ybanez will be **GRANTED**.  Based upon this Court's findings that all of Plaintiff's claims are fatally flawed, due to a lack of subject matter jurisdiction or judicial immunity protections, any further attempts by Plaintiff to cure these deficiencies would be futile.  Therefore, all three of the above-captioned cases will be **DISMISSED WITH PREJUDICE**.  An appropriate Order shall issue on this date.


DATED: May 15, 2020

                                       s/Renée Marie Bumb
                                       RENÉE MARIE BUMB
                                       United States District Judge