[19-12065: Dkt. Nos. 18, 19]
[19-20535: Dkt. No. 16]
[19-21201: Dkt. Nos. 10, 12]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| FRANCIENNA GRANT,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL ELIAS, STATE, STEPHEN MILLS a/k/a STEVEN MILLS, and MUNICIPAL COURT CAPE MAY COUNTY,<br><br>    Defendants. | Civil No. 19-12065 (RMB/JS) |
| FRANCIENNA GRANT,<br><br>    Plaintiff,<br><br>  v.<br><br>WILLIAM HUNTLEY PANICO and WILLIAM H. PANICO, D.M.D.,<br><br>    Defendants. | Civil No. 19-20535 (RMB/JS) |
| FRANCIENNA GRANT,<br><br>    Plaintiff,<br><br>  v.<br><br>DANILO G. YBANEZ and DANILO G. YBANEZ, D.M.D.,<br><br>    Defendants. | Civil No. 19-21201 (RMB/AMD)<br><br>**OPINION** |

**RENÉE MARIE BUMB**, United States District Judge:

These matters come before the Court upon pro se Plaintiff Francienna Grant's motions seeking (1) reconsideration of this Court's May 15, 2020 Opinion and Order dismissing the above-

captioned actions [19-12065, Dkt. No. 18; 19-21201, Dkt. No. 10], and (2) the Entry of Default Judgment against Defendants [19-12065, Dkt. No. 19; 19-20535, Dkt. No. 16; 19-21201, Dkt. No. 12]. For the reasons set forth herein, each of Plaintiff's Motions will be **DENIED WITH PREJUDICE**.

I. <u>PROCEDURAL HISTORY</u>

In each of the above-captioned actions, <u>pro se</u> Plaintiff Francienna Grant previously litigated the same issues, to varying degrees, in New Jersey state courts. In the above-captioned actions, Plaintiff sought to "appeal" these various state court decisions as federal claims pursuant to 42 U.S.C. § 1983. Prompted by letters and motions to dismiss from various defendants,[1] this Court issued Orders to Show Cause, dated December 19, 2019 and January 7, 2020, requiring Plaintiff to articulate why her <u>pro se</u> complaints should not be dismissed because they were attempted appeals of prior state court actions, over which this Court lacked subject matter jurisdiction.

After reviewing Plaintiffs' responses to both Orders to Show Cause, in all three of the above-captioned cases, this Court found that it lacked subject matter jurisdiction over the

---

[1] Defendant William H. Panico [Civ. No. 19-20535, Dkt. No. 9] and Defendant Danilo G. Ybanez [Civ. No. 19-21201, Dkt. No. 4], filed motions to dismiss in each of their respective cases.

purported claims in Plaintiff's three pro se Complaints, even when construed liberally in favor of Plaintiff.  Additionally, the Court found that to the extent Plaintiff was alleging civil rights claims against various judges and courts, those claims were barred under the doctrine of judicial immunity.

Now, this matter comes before the Court upon Plaintiff's Motion for Reconsideration, based on Plaintiff's incorrect contention that the Court did not receive and consider all of her responses to the December 19, 2019 Order to Show Cause. Plaintiff also moves for the entry of default judgment in each of the above-captioned actions.

II.  **DISCUSSION**

Now, Plaintiff moves for reconsideration of this Court's order of dismissal, pursuant to Rule 60, arguing that she was prejudiced by a clerical error that kept two of her responses to the Court's December 19, 2019 Order to Show Causes from initially appearing on the docket.  Relevantly, under Rule 60(a), a district court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).

Although Plaintiff is correct that two of her three responses to the December 19, 2019 Order to Show Cause did not

3

initially appear on the docket due to a clerical error, this did not prevent the Court from reviewing these responses before dismissing the cases on May 15, 2020.  Indeed, following this Court's January 7, 2020 Order (which noted that the Court had only received an OSC response in one of the three cases), Plaintiff filed a new response, on January 22, 2020, which attached, as exhibits, her responses to the December 19, 2019 Order in all three cases. [See Civ. No. 19-21201, Dkt. No. 6, at pages 18-30].  Contrary to Plaintiff's assertion otherwise, the Court received these re-filed responses and considered them when issuing the May 15, 2020 Opinion and Order dismissing the above-captioned cases.  As a matter of fact, the Court even cited to and quoted from Plaintiff's re-filed OSC responses in the Opinion dismissing the cases.  See Opinion, dated May 15, 2020, at page 5.

Ultimately, Plaintiff suffered no prejudice due to the earlier clerical order that prevented the responses from being properly docketed when they were first filed with the Clerk of the Court on December 31, 2020.  As noted, all of Plaintiff's OSC responses were eventually docketed on January 22, 2020 and were considered by the Court when it issued the May 15, 2020 Opinion and Order dismissing the above-captioned cases.  Even having considered those responses, the Court still felt that dismissal was warranted.  Therefore, Plaintiff is not entitled

4

to relief from order dismissing the cases.

### III.  CONCLUSION

First, because the Court received and considered all of Plaintiff's OSC responses prior to dismissing the above-captioned cases, Plaintiff suffered no prejudice due to the clerical error.  As such, Plaintiff's Motions for Reconsideration will be **DENIED WITH PREJUDICE**.  Second, any obligations that Defendants had to respond to Plaintiff's complaints were tolled by this Court's Orders to Show Cause and Defendants certainly had no obligations to respond once the cases had been dismissed with prejudice under the May 15, 2020 Opinion and Order.  Therefore, Plaintiff's Motions for Entry of Default Judgment shall also be **DENIED WITH PREJUDICE**, because they are frivolous and procedurally improper.  Furthermore, due to pro se Plaintiff's long history of litigating, re-litigating, and appealing the above-captioned matters over and over again in both state and federal court, the Court will preclude Plaintiff from filing any further motions in these cases without permission from the Court.  An appropriate Order shall issue on this date.

DATED: September 8, 2020

> s/Renée Marie Bumb
> RENÉE MARIE BUMB
> United States District Judge